UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:19-cr-488-CEHP-JSS

JUAN CARLOS DIAZ MORALES
_____/

## MOTION FOR VARIANCE AND OBJECTION TO THE PRESENTENCE REPORT'S DENIAL OF AN ADJUSTMENT FOR "MINOR ROLE"

The Defendant, Juan Carlos Diaz Morales, by and through the undersigned counsel, hereby files this Sentencing Memorandum, in which he asks this Honorable Court in to impose a sentence "sufficient, but not greater than necessary" to achieve the stated purposes of sentencing and hereby objects to probation's denial of an adjustment for defendant's role in the offense. In support of his motion, Mr. Diaz Morales states:

1. On, April 1, 2021, Mr. Diaz Morales entered pleas of guilty to both counts of the Indictment before a United States Magistrate Court.

2. Mr. Diaz Morales is scheduled to be sentenced by this Honorable Court on July 1, 2021.

3. Mr. Diaz Morales is 40 years old. He was born in Punta Fijo, Venezuela one of eight children born to his parents. PSR ¶ 42. Mr. Diaz Morales has been in a relationship with the mother of his young child, Ms. Yoxabeth Desire Acosta Hurtado, with whom he has maintained a relationship for the last 5 years. PSR ¶ 44. He has two daughters from a previous relationship who are 15 and 18 years of age. PSR ¶ 45. Mr. Diaz Morales is the sole supporter of his family.

4. Mr. Diaz Morales completed only nine years of school in Venezuela. After that he dropped from school and began working as a mariner. PSR ¶ 56.58.60.

5. Prior to his arrest for the instant offense, Mr. Diaz Morales was employed as a mariner.

PSR ¶ 58.

6. Mr. Diaz Morales reported that he earned approximately 50-100 dollars per day when he could find work. PSR ¶ 60.

7. According to the Pre-Sentence Report, Mr. Diaz Morales's recommended advisory guideline range is 135-168 months without an adjustment for "minor role.".

8. Mr. Diaz Morales was located aboard a vessel containing a large amount oof cocaine on August 30, 2019. There were seven individuals aboard a very large vessel that had engine trouble and was in very poor condition.

9. Mr. Diaz Morales was hired on the Zumaque Tracer as a simple deckhand, however because the vessel was short-handed he helped the engineer and chief engineer with their duties.

10. During the course of his incarceration Mr. Diaz Morales has lost close family members to Covid 19 including his Aunt, Grandmother and Grandfather and Nephew and was unable to attend any services, or provide consolation to his parents, siblings and other family members,

11. As to the specific offense characteristics, it is maintained that Mr. Diaz Morales did not direct negotiations for sale or purchase of the narcotics.

12. There is no evidence to suggest that Mr. Diaz Morales had completed multiple transports of the alleged narcotics or was part of a larger scheme or plan to import narcotics.

13. There is no evidence to suggest that Mr. Diaz Morales loaded, unloaded, packaged, wrapped or bundled the alleged narcotics.

14. There is no evidence to suggest that Mr. Diaz Morales had knowledge or understood the scope of the enterprise, or the activities of others involved, nor is there any evidence to establish that he was aware of the amount of drugs secreted in the drug vessel.

15. There is no evidence to suggest that Mr. Diaz Morales's status in the smuggling operation

was anything other than a lowly mariner on a large vessel with an unknow amount of narcotics secreted within the hull of the vessel.

16. There is no evidence to suggest that Mr. Diaz Morales had an equity interest in the alleged narcotics, or that he would receive a percentage of the profits from the cargo.

17. There is no evidence to suggest that Mr. Diaz Morales played any role in the planning of the criminal scheme.

18. There is no evidence to suggest that Mr. Diaz Morales had a role in the ultimate distribution of the narcotics.

19. There is no evidence to suggest that Mr. Diaz Morales financed any portion of the smuggling operation.

20. Mr. Diaz Morales has difficulty breathing due to his asthma and when he is consistently in cold weather he becomes ill and congested. He is currently taking medication for his asthma and requests the Bureau of Prisons assign him to a location in warmer climes due to his medical condition.

## MEMORANDUM OF LAW

a. **"Minor role" Objection**

Mr. Diaz Morales specifically objects to paragraphs 25, 27, 31, and 64 providing no adjustment for his role in the offense. Mr. Diaz Morales should qualify for a "minor role" adjustment pursuant to USSG § 3B1.2(b). As a result, Mr. Diaz Morales is entitled to a 2 level decrease to his total offense level. In addition, pursuant to USSG § 2D1.1(a)(5), if Mr. Diaz Morales should receive an adjustment under §3B1.2 (Mitigating Role), which additionally reduces the total offense level by 4 levels when the initial base offense level under subsection (c) was a level 38. Consequently, Mr. Diaz Morales should score a total offense **level 27, category**

**1 with range of 70 to 87 prison months.**

The first purpose of sentencing is to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." This sentence thus directs courts to consider the actual conduct of the defendant and to impose a sentence in accordance with his unique an specific characteristics and role in the offense. In accordance with this directive, Mr. Diaz Morales asks this Court to recognize that he was a minor participant in this offense. Mr. Diaz Morales was on a refueling vessel involved in this case which did not carry or conceal any narcotics and merely facilitated the refueling of the vessel carrying the narcotics. PSR ¶ 13. Therefore, this Court should find that Mr. Diaz Morales qualifies for a "minor role" reduction pursuant to USSG § 3B1.2. Mr. Diaz Morales had no equity interest in the drugs. Mr. Diaz Morales had no role in planning the drug mission. He did not act in a supervisory capacity on a vessel carrying narcotics. Nor did he have any planned role in the distribution of the cocaine. Mr. Diaz Morales thus has many of the characteristics that the Eleventh Circuit has identified as being relevant to a minor role reduction. See United States v. Rodriguez De Varon, 175 F.3d 930, 945 (11th Cir. 1999).

Under the U.S. Sentencing Guideline § 3B1.2(b) a "minor participant" in criminal activity is entitled to a two-level reduction. A defendant is a "minor participant" when he is "less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 cmt. n.5. In United States v. De Varon, 175 F.3d 930, 940 (11th Cir. 1999) (en banc) the De Varon court held that the lower courts must look to the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing and his role compared to other participants.

A district court uses a two-pronged inquiry to determine whether a role reduction applies, considering all probative facts involving the defendant's role and evaluating the totality of the circumstances. United States v. Man, 891 F.3d 1253, 1274 (11th Cir. 2018). It first considers the defendant's role in relation to "the relevant conduct for which he has been held accountable at sentencing." Id. Then, it considers the defendant's "role as compared to that of other participants in his relevant conduct." Id. The commentary in the United States Sentencing Guidelines manual provides a non-exhaustive list of factors for a sentencing court to consider in determining whether to grant a minor role deduction. These factors include the "nature and extent of the defendant's participation" and the degree to which the defendant (1) "understood the scope and structure of the criminal activity," (2) "participated in planning or organizing the criminal activity," (3) "exercised . . . or influenced the exercise of decision-making authority," and (4) "stood to benefit." U.S.S.G. § 3B1.2, comment. (n.3(C)). Section 3B1.2's commentary notes that **the mere fact that a defendant performs an "essential or indispensable role in the criminal activity is not determinative."** [Emphasis added]

In addition to considering the totality of the circumstances and those factors cited above, the U.S.S.G. commentary provides additional factors for the sentencing court to consider: (1) "the degree to which the defendant understood the scope and structure of the criminal activity"; (2) "the degree to which the defendant participated in planning or organizing the criminal activity"; (3) "the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority"; (4) "the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts"; and (5) "the degree to which the defendant stood to benefit from the criminal activity."

U.S.S.G. § 3B1.2 cmt. n.3(C)(i)-(v). The commentary also notes that "a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline," and "[t]he fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative." § 3B1.2 cmt n.3(C). "Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity." Id.

Accordingly, a fact-intensive inquiry where no one factor is 'more important than another is essential in the evaluation of an individual's role in the offense. United States v. Cruickshank, 837 F.3d 1182, 1187, 1195 (11th Cir. 2016). Therefore, district courts cannot deny a defendant's minor-role reduction by considering only one factor. In Cruickshank, for example, the district court denied the defendant's minor-role reduction based solely on the sizable quantity of drugs the defendant transported during the underlying criminal activity. Id. at 1194-95. While drug quantity is a factor that district courts should consider the defendant's sentence was vacated and remanded for resentencing because "it was legal error for the district court to say that this is the only factor to be considered in a case like this one." Id. at 1195 see also United States v. Presendieu, 880 F.3d 1228, 1244, 1250 (11th Cir. 2018) (holding that a district court should not have solely considered one factor when denying the defendant's minor-role reduction).

Mr. Diaz Morales argues that the court should consider that he was merely a deck hand who was "promoted" to assistant engineer due to the vessel being shorthanded and his duties did not involve planning or organizing the criminal activity, that he did not recruit others to join the

criminal activity, that he had no part in choosing the boat, nor did he prepare the boat for journey, he did not chart the boat's course, and did not understand the scope and structure of the larger criminal operation. Furthermore, he did not exercise any influence or decision-making authority. The court should also consider the role and conduct of a high-level participants such as his recruiter and multiple other participants utilized in preparing the vessels for transport. Mr. Diaz Morales argues that his recruiter, unlike himself, was a leader or organizer in the larger criminal operation. Mr. Diaz Morales further contends a minor role reduction is warranted because he was less culpable than his recruiter and the other members of the conspiracy that were actually transporting the narcotics, rather than the lesser role of merely providing fuel to the boats actually transporting the narcotics.

### b. Request for Variance

In the event this court denies Mr. Diaz Morales's claim of minor role, he argues the court may take into consideration his minimal culpability in the criminal conduct pursuant to the provisions of , 18 U.S.C. § 3553(b)(1). Mr. Diaz Morales was a man of extreme poverty earning the equivalent of $78.00 per month when he was recruited for this journey. His extreme poverty, lack of education and no prior criminal history should also be considered in fashioning a reasonable sentence, Mr. Diaz Morales's candor and cooperation with United States government officials upon his arrest, his role relative to other participants in the underlying criminal activity and his background and lack of criminal history are all factors that warrant a variance in this matter. Pursuant to United States v. Booker In United States v. Booker, 543 U.S. ---, 125 S. Ct. 738 (2004), the Supreme Court ruled that the United States Sentencing Guidelines, as written, are unconstitutional. As a remedy, the Court excised those portions of the federal sentencing

statute that made the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), and § 3742(e). Sentencing courts must now consider the Guidelines, but are not bound to apply them in every case.

> So modified, the Federal Sentencing Act . . . makes the Guidelines ***effectively advisory.*** It requires a sentencing court to consider Guidelines ranges, *see* 18 U. S. C. A. § 3553(a)(4) (Supp. 2004), but it ***permits the court to tailor the sentence in light of other statutory concerns as well***, *see* § 3553(a) (Supp. 2004).

Booker, 125 S.Ct. at 757 (emphasis added). Thus, in Booker, the Supreme Court instructed federal district courts to consider the guidelines, but to impose sentences in accordance with 18 U.S.C. § 3553. *See id.*

The first sentence of that statute, 18 § 3553(a), states that "the court shall impose a sentence sufficient, ***but not greater than necessary***, to comply with the purposes set forth in paragraph (2) of this subsection." See 18 U.S.C. 3553(a) (emphasis added). The purposes set forth in subsection 3553(a)(2) are:

> the need for the sentence imposed --
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2).

A sentence sufficient to meet these goals can be achieved with a sentence far less than the sentence recommended in this case.

Furthermore, § 3553(a)(2)(B) & (C) instruct courts to consider the needs to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. Obviously, Mr. Diaz Morales is facing a significant prison sentence as a result of his offense. However, both the need to protect society from Mr. Diaz Morales crimes and the

interest in generally deterrence can be achieved with a reasonable sentence far less than 135 months. Because of the unique nature of these "boat cases," Mr. Diaz Morales's advisory guideline range calls for him to receive the same punishment as would a large-scale drug-dealer in the United States. Yet, Mr. Diaz Morales is in a far different position than a large-scale drug-dealer within the U.S.  Instead, Mr. Diaz Morales is a small player in a much larger-scale drug trade between two foreign countries. Mr. Diaz Morales's personal involvement in the criminal enterprise was far less than the typical defendant subject to a Base Offense Level 38 under the Guidelines.

Lastly, 18 U.S.C. § 3553(b)(2)(D) instructs courts to consider imposing a sentence to "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."  It is respectfully submitted, however, that such education or training will be available to Mr. Diaz Morales with a sentence far below that recommended by the Guidelines in this case. Based upon these factors, Mr. Diaz Morales respectfully asks this Honorable Court to impose a reasonable sentence, below his advisory guideline range.

WHEREFORE, the defendant respectfully requests this court recognize Mr. Diaz Morales's minor role in this offense and amend the guidelines accordingly.  In addition, Mr. Diaz Morales requests this court recognize the unique nature and circumstances of the offense conduct and Mr. Diaz Morales's disadvantaged background and lack of prior record when fashioning a sentence that is sufficient, but not greater than necessary to recognize the seriousness of the offense, yet allowing for the particular facts and circumstances for which the defendant is held accountable.

Respectfully Submitted,


/s/ Serbo C. Simeoni, Esq.

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that the original of the foregoing has been furnished by Electronic Filing to Sheryl L. Loesch, Clerk of the Court, U.S. District Court, Middle District of Florida, and that e-mail notification of this filing will be sent to all interested persons on this 29th day of June, 2021.

    /s/ Serbo C. Simeoni
Serbo C. Simeoni, Esq.
1700 N. McMullen Booth Rd.
Suite A-7
Clearwater, FL 33759
E-Mail Address: simeoni07@gmail.com
Tel. #: (727) 799-3506
Fax #: (727) 202-5104
Florida Bar No.: 0921970